```
                                                                    FILED
                                                              U.S. DISTRICT COURT
              IN THE UNITED STATES DISTRICT COURT          EASTERN DISTRICT ARKANSAS
              FOR THE EASTERN DISTRICT OF ARKANSAS             NOV 17 2011
                          WESTERN DIVISION
                                                           JAMES W. McCORMACK, CLERK
                                                           By:_____
     TERRA EVANS,                    )                                  DEP CLERK
                                     )
              Plaintiff,             )
                                     )
     v.                              )       4:11 cv 822 DPM
                                     )
     CAPITAL COLLECTION SERVICE,     )   This case assigned to District Judge Marshall
                                     )   and to Magistrate Judge Kearney
              Defendant.             )
```

## COMPLAINT

NOW COMES the Plaintiff, TERRA EVANS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, CAPITAL COLLECTION SERVICE, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TERRA EVANS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Maumelle, County of Pulaski, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to U.S. Bank.

1

6. The debt that Plaintiff allegedly owed U.S. Bank was a credit card bill and/or personal loan that was incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. CAPITAL COLLECTION SERVICE, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant's principal place of business is located in the State of New Jersey.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about September 21, 2011, Defendant initiated a telephone call to Plaintiff and left Plaintiff a voicemail message.

15. Plaintiff heard the contents of the aforesaid voicemail message.

16. During the course of the aforesaid voicemail message, Defendant stated that it was calling Plaintiff regarding an important matter.

17. Defendant then left a telephone number at which Plaintiff was to contact Defendant.

18. At no time during the course of the aforesaid voicemail message did Defendant apprise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

19. The aforesaid voicemail message left for Plaintiff was Defendant's initial communication with Plaintiff.

20. On or about that same day, subsequent to Plaintiff having received the aforesaid voicemail message, Plaintiff initiated a telephone call to Defendant at the telephone number that Defendant had left in the aforesaid voicemail message.

21. Plaintiff then engaged in a telephone conversation with a duly authorized representative of Defendant.

22. Defendant informed Plaintiff that it had contacted Plaintiff relative to a debt that she owed to U.S. Bank.

23. Prior to Plaintiff having been able to respond to Defendant's statement, Defendant stated "[a]re you going to tell me that this has been paid?"

24. Plaintiff then asked Defendant for documentation to validate the debt on which it was attempting to collect.

25. Defendant responded by informing Plaintiff that the only information it had relative to the debt Plaintiff owed was the date that she had opened and closed her account with U.S. Bank.

26. Defendant informed Plaintiff that it would contact U.S. Bank to obtain more information for Plaintiff.

27. Defendant further told Plaintiff that it would send her documentation relative to the debt.

28. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

29. Defendant's representation to Plaintiff that it would send her documentation relative to the debt on which it was attempting to collect was false, deceptive and/or misleading given that Defendant never provided Plaintiff with documentation relative to the debt she allegedly owed.

30. To date, Plaintiff has not received any documentation from Defendant relative to the debt on which it was attempting to collect.

31. On or about October 24, 2011, Defendant initiated a telephone call to Plaintiff and left Plaintiff a voicemail message.

32. Plaintiff heard the contents of the aforesaid voicemail message.

33. During the course of the aforesaid voicemail message, Defendant's duly authorized representative apprised Plaintiff that she was to return Defendant's telephone call as soon as possible.

34. During the course of the aforesaid voicemail message, Defendant stated that it was calling Plaintiff regarding a very time sensitive matter.

35. Defendant then left a telephone number at which Plaintiff was to contact Defendant.

36. Again, at no time during the course of the aforesaid voicemail message did Defendant apprise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

37. On or about October 25, 2011, Defendant initiated a telephone call to Plaintiff and left Plaintiff a voicemail message.

38. Plaintiff heard the contents of the aforesaid voicemail message.

39. Again, during the course of the aforesaid voicemail message, Defendant's duly authorized representative apprised Plaintiff that she was to return Defendant's telephone call as soon as possible.

40. Again, at no time during the course of the aforesaid voicemail message did Defendant apprise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

41. On or about October 25, 2011, subsequent to Plaintiff having listened to the aforesaid voicemail messages, Plaintiff initiated a telephone call to Defendant and engaged in a telephone conversation with a duly authorized representative of Defendant.

42. During the course of the aforementioned telephone call, Plaintiff reiterated to Defendant that she wanted Defendant to send her documentation relative to the debt she allegedly owed.

43. Plaintiff further informed Defendant that she was still waiting to obtain correspondence from Defendant as it had previously informed her that it would send her a correspondence relative to the debt she allegedly owed.

44. During the course of the aforesaid telephone conversation, Defendant informed Plaintiff that she had to make a payment relative to the debt she owed.

45. Plaintiff told Defendant that she would not make any payments to Defendant until she had an opportunity to speak to her attorney.

46. Defendant stated that Plaintiff should pay Defendant as opposed to paying her attorney.

47. Defendant told Plaintiff that if she paid an attorney she would end up paying more money to her attorney than she owed to U.S. Bank.

48. Defendant then informed Plaintiff that if she did not pay the debt she owed then Defendant would obtain a wage garnishment against her.

49. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt she allegedly owed.

50. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt she allegedly owed.

51. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

52. Defendant's representation that it would obtain a wage garnishment against Plaintiff was false, deceptive and/or misleading given that at the time it made the aforesaid representation, as delineated above, Defendant had no legal means by which to proceed with a wage garnishment.

53. Defendant's representation that it would obtain a wage garnishment against Plaintiff misrepresented the character, nature and/or legal status of the debt on which it was attempting to collect from Plaintiff given that at the time it made the aforesaid representation, as delineated above, Defendant had no legal means by which to proceed with a wage garnishment.

54. In its attempts to collect the debt allegedly owed by Plaintiff to U.S. Bank, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

   d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   f. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   g. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

h. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

55. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

56. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TERRA EVANS, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
TERRA EVANS

By: _____
David M. Marco
Attorney for Plaintiff

Dated: November 14, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us